UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT
CASE NO. 23-6108

HONORABLE ORDER OF KENTUCKY COLONELS, INC.

    Plaintiff-Appellee

v.

KENTUCKY COLONELS INTERNATIONAL; GLOBCAL INTERNATIONAL; ECOLOGY CROSSROADS COOPERATIVE FOUNDATION, INC.; UNKNOWN DEFENDANTS

    Defendants

DAVID J. WRIGHT, Individually and In His Capacity as President of Ecology Crossroads Cooperative Foundation, Inc.

    Defendant-Appellant

**APPELLEE'S RESPONSE TO APPELLANT'S
MOTION FOR AFFIRMATIVE RELIEF [Doc. 8]**

Once again, Defendant/Appellant, David J. Wright ("Wright"), completely ignores the rules of this Court by filing a thirty-one (31) page, 9,900 word "motion" requesting the same improper relief sought in his previous filing.[1] Clearly, Wright hopes to impede the orderly administration

---

[1] In addition to requesting relief identical to that sought in the "Motion for Time and Date to File Appellant's Brief and Request for Discretionary Relief ("Wright's First Motion") [Doc. 9 in Case No. 23-5795], the instant motion (hereinafter "Wright's New Motion") dramatically exceeds the length and word limits established by FRAP 27(d)(2).

of this appeal by filing frivolous motions, ignoring the Court's orders,[2] and fabricating extraneous issues to distract from his own contemptuous conduct. Plaintiff/Appellee, The Honorable Order of Kentucky Colonels, Inc. ("HOKC") has requested the Court dismiss Wright's original appeal as a result of his failure to file an opening brief as directed by the Court. (*See* Appellee's Response to Motion for Time and Date to File Appellant's Brief and Request for Discretionary Relief [Doc. 10 in Case No. 23-5795], pg. 7). If the Court declines to dismiss Wright's original appeal as requested, HOKC agrees that it would be appropriate to consolidate the original appeal with Case No. 23-6108. All other relief requested in Wright's New Motion should be denied.

---

[2] Wright continues to ignore the Court's directive to "mail opposing counsel a copy of every document [he] send[s] to the Clerk's office for filing." (9/22/23 Letter [Doc. 8-1 in Case No. 23-5795], pg. 1). HOKC respectfully requests the Court again admonish Wright to serve a copy of any future filings on opposing counsel at the time it is tendered to the Court.

# ARGUMENT[3]

## I. HOKC AGREES THAT CONSOLIDATION OF THE APPEALS IS APPROPRIATE IF THE ORIGINAL APPEAL IS NOT DISMISSED.

On February 23, 2021, the District Court entered an Agreed Permanent Injunction prohibiting Wright and his affiliates from "using the KENTUCKY COLONELS Mark, or any mark that is confusingly similar to the KENTUCKY COLONELS Mark" in connection with the sale of goods or services, the solicitation of charitable donations, or the formation of any membership organization or charitable fundraising endeavor. (*See* Agreed Permanent Injunction [DE 93], PageID #2057). Wright knowingly, consciously, and expressly agreed to those restrictions in order to resolve the trademark infringement and other claims made against him. Wright began violating the Agreed Permanent Injunction in May 2022. After conducting an extensive evidentiary hearing, the District Court found Wright in contempt of the Agreed Permanent Injunction and awarded HOKC damages resulting from Wright's violation of that order. (8/9/23 Memorandum Opinion and Order [DE 129], PageID #3714). Wright's original appeal [Case No. 23-5795] involves that Memorandum Opinion and Order.

---

[3] HOKC hereby incorporates by reference Appellee's Response to Motion for Time and Date to File Appellant's Brief and Request for Discretionary Relief (Doc. 9 in Case No. 23-5795) as though restated herein.

By Order dated November 13, 2023 [DE 138], the District Court awarded HOKC attorneys' fees and costs incurred in prosecuting the motion for contempt. On December 13, 2023, Wright filed his notice of appeal of that order and that appeal was assigned Case No. 23-6108.

If Wright's original appeal is not dismissed, HOKC agrees that consolidation of the two appeals is appropriate since they involve common factual background and legal issues. HOKC does not, however, agree that the grounds for consolidation articulated in Wright's New Motion are factually or legally accurate. This is not a civil rights action. Nor do these appeals involve "unlawfully applied sanctions based on prejudice, discrimination, judicial bias, and inequitable deference, without consideration" of Wright's position. (Wright's New Motion [Doc. 11 in Case No. 23-5795; Doc. 8 in Case No. 23-6108], pg. 14). Both appeals involve an action for civil contempt of an injunction order to which Wright ***knowingly agreed*** as part of a settlement of claims relating to Wright's trademark infringement. Both appeals involve the District Court finding Wright in contempt of the injunction order, granting HOKC relief for Wright's contempt of the injunction order, and sanctioning

Wright for his willful violation of the injunction order. Those are the only issues.[4]

If the Court declines to dismiss Wright's original appeal then the two appeals should be consolidated, but the briefing limitations and requirements established by the Federal Rules of Appellate Procedure should be maintained. There is no reason to enlarge the page limitations established by the rules, alter the briefing schedule entered by the Court, or otherwise expand Wright's ability to disparage and harass HOKC through legal filings.

## II. WRIGHT'S MOTION TO RECOGNIZE APPELLANT PRO SE IN FORMA PAUPERIS SHOULD BE DENIED.[5]

Contrary to Wright's assertions, these appeals are not about recognition of Wright as the recipient of an honorable title or Wright's hurt feelings over

---

[4] Wright's New Motion again telegraphs his intention to obstruct the orderly processing of these appeals by injecting irrelevant factual assertions and inaccurate legal analysis. Respectfully, HOKC suggests that Wright should be admonished for his continual attempts to harass, disparage, and embarrass HOKC through the vitriolic rhetoric which is a constant element of his court filings.

[5] To this point, HOKC has not challenged Wright's representations regarding his financial condition or the Motion for Pauper Status filed by Wright in his original appeal on August 31, 2023, even though it appears that there is good cause to do so. Wright candidly acknowledges that he owns a "large parcel of land" on the Orinoco River in Columbia. (Wright's First Motion [Doc. 9 in Case No. 23-5795], pg. 1). He failed to disclose, however, that he and his affiliate, Globcal International, are actively engaged in the development of that property as a "tourist attraction and sponsored planned maintenance site."
(continued…)

5

the manner in which he is addressed. The only issues properly presented to this Court are (1) whether the District Court erred when it found Wright in contempt of the Agreed Permanent Injunction; (2) whether the District Court erred when it ordered Wright to pay Seven Thousand Five Hundred Dollars ($7,500) in compensatory sanctions for failure to abide by the Agreed Permanent Injunction; and (3) whether the District Court erred when it ordered Wright to pay HOKC's attorneys' fees and costs incurred in prosecuting his contempt. Wright's obsession with titles is completely irrelevant to those matters. His request that the Court "recognize him as an independent Kentucky Colonel …." is legally and factually unsupportable and should be denied.

### III. WRIGHT'S MOTION TO DESIGNATE PRO BONO CIVIL RIGHTS COUNSEL SHOULD BE DENIED.

For at least the third time, Wright asks the Court to find him a lawyer. Wright requested the District Court appoint counsel to defend his blatant infringement on and misappropriation of HOKC's protected mark. (*See*

---

*See* Puerto Carreno Tourism Council webpage https://www.puertocarreno.com/orinoco-river-beach (hard copy attached hereto as Exhibit 1). Wright further failed to disclose that the development initiative is "seeking a total of 4.3 million US dollars to make improvements" to the area. Wright's concealment of such business ventures is utterly inconsistent with his claimed "pauper" status and completely undermines his demand that the Court appoint pro bono legal representation in this appeal.

6

5/21/20 Motion to Appoint Counsel by Defendant David J. Wright [DE 35]).

The District Court denied that motion stating:

> Even if this Court could appoint counsel for a corporation in exceptional circumstances, and find counsel willing to accept such a pro bono appointment, Wright has not shown exceptional circumstances that warrant such an appointment. Wright only cites financial hardship as a basis for appointing counsel for himself, the Corporate Defendants, or both. [DE 35]. Wright does not suggest that this case presents exceptionally novel or complex issues that would benefit from the appointment of counsel. Nor does this Court see that the complexity of the issues requires appointment of counsel.

(6/30/20 Order [DE 46], PageID #1018). Wright's First Motion reiterated that request claiming that this Court should appoint counsel because he is "defending civil rights that were subjected to a sophisticated conspiracy." (Wright's First Motion [Doc. 9 in Case No. 23-5795], pg. 9). Wright's New Motion replicates that request attempting to compare the instant action with civil rights claims brought under 42 U.S.C. §1983. (Wright's New Motion [Doc. 8 in Case No. 23-6108], pg. 21). That comparison is utterly ridiculous.

As the District Court recognized, appointment of counsel in a civil proceeding is not a constitutional right and is justified only by exceptional circumstances. No such circumstances exist here. This case is about the efforts of Wright and his affiliates to hijack HOKC's valuable trademark and use it for Wright's own personal financial enrichment. Through the misappropriation of HOKC's mark, Wright solicited "deductible charitable

7

contributions" via social media and the internet, thereby intercepting, or attempting to intercept, relationships that HOKC has built for decades using the KENTUCKY COLONELS Mark. (Verified Complaint [DE 1], PageID #8-10). Wright then demanded that HOKC pay him hundreds of thousands of dollars in exchange for "merging" his "organization" into HOKC. When HOKC refused to yield, HOKC had no choice but to initiate litigation and ultimately secure injunctive relief prohibiting Wright's actions. (8/13/20 Order [DE 58], PageID #1235). In order to avoid the repercussions of his infringing conduct, Wright agreed to refrain from any future use of HOKC's protected mark or any mark similar thereto through the Agreed Permanent Injunction. (2/19/21 Agreed Permanent Injunction [DE 91], PageID #2051). When he violated that injunction beginning in May 2022, the Court held him accountable. (8/9/23 Memorandum Opinion and Order [DE 129], PageID #3714). Wright's attempts to misappropriate the goodwill of HOKC's protected mark and then avoid the consequences of violating restrictions to which he agreed is in no way comparable to a civil rights action. Wright's repeated request for appointment of counsel should be denied by this Court just as it was by the District Court.

### IV. WRIGHT'S MOTION TO EXTEND THE INITIAL BRIEFING SCHEDULE SHOULD BE DENIED.

In his initial appeal, the Court directed Wright to file his opening brief consisting of no more than thirty (30) pages no later than November 6, 2023. (9/22/23 Letter [Doc. 8-1 in Case No. 23-5795], pg. 1). Wright ignored that deadline and has yet to file an opening brief. He has, however, filed more than forty (40) pages of "motions," spouting gibberish, demanding legal counsel, and disparaging the District Court and its staff.

Wright's request for an extension of time to file his brief should be denied. Wright provides no compelling reason to permit an untimely filing of his opening brief. Indeed, it is apparent from Wright's First Motion as well as Wright's New Motion that he only seeks additional time to facilitate his efforts to inject new claims, irrelevant facts, and unsupported allegations that have no bearing on the District Court's actions. Wright's request for an extension of time to file his opening brief should be denied and the first appeal should be dismissed as a result of Wright's failure to show good cause why he failed to file his opening brief before the deadline established by the Court.[6]

---

[6] An appeal may be dismissed when an appellant fails to file an opening brief. *Blixseth v. Credit Suisse*, 961 F.3d 1074, 1080 (9th Cir. 2020). Numerous courts have found that failure of an appellant to comply with appeal requirements by filing briefs in a timely manner is in itself sufficient to justify dismissal of the appeal. *Barber v. American Security Bank*, 841 F.2d 1159,

(continued…)

## V.  WRIGHT'S MOTION FOR APPOINTMENT OF A SPECIAL MASTER AND SUSPENSION OF RULES SHOULD BE DENIED.

Wright believes that he has immunity from federal law protecting trademarks and intellectual property.  Likewise, Wright believes that he does not have to comply with the Federal Rules of Civil Procedure, the Federal Rules of Appellate Procedure, or even the orders of this Court.  In fact, Wright now requests the Court to formally suspend all rules, which he already ignores, and allow him to file whatever he wants whenever he wants in whatever format he desires.  That request is absurd.

Wright also asks the Court to permit him to exceed the page limits, which he already does without permission.  In doing so, Wright has attempted to inject into these appeals extraneous, immaterial issues that are clearly not before this Court. HOKC should not be required to respond to an encyclopedic missive from Wright which will include irrelevant and unsupported rants as well as legally unrecognizable claims.  There is no reason to expand the page limitations established by the Court, and Wright's request should be denied.

---

1162 (US App. D.C. 1988); *SEC v. Pittsford Capital Income Partners, LLC*, 305 Fed. Appx. 694, 696 (2nd Cir. 2008); *Louisiana World Exposition, Inc. v. Logue*, 746 F.2d 1033, 1038 (5th Cir. 1984).

Further, Wright asks the Court to appoint a special master to "…disambiguate the appellee's marks from the legal reality of the term, perform independent research, protect the public interests, discover how judicial bias indifference could have played a role, understand how the appellant was prejudiced early in the case, study other relevant evidence, investigate within other federal agencies, and to recommend factual findings based on relevant and semantic indisputable evidence to propose a disposition in matters ancillary to proceedings in the Court such as those presented and raised by the Appellant." (Wright's New Motion [Doc. 8 in Case No. 23-6108], pg. 24). While it is difficult to decipher such gibberish, it is clear that there is no statutory or case authority supporting Wright's extraordinary requests. There is no reason to suspend the rules, exceed page limits, appoint a special master, or provide any of the extraordinary relief requested in Wright's New Motion.

## **CONCLUSION**

Wright's first appeal should be dismissed for failure to timely file his opening brief. If the first appeal is not dismissed, the two appeals should be consolidated. All other relief requested in Wright's First Motion and Wright's New Motion should be denied.

Respectfully submitted,

*/s/ Cornelius E. Coryell II*
Cornelius E. Coryell II
Julie Laemmle Watts
WYATT, TARRANT & COMBS, LLP
400 West Market Street, Suite 2000
Louisville, Kentucky 40202
(502) 589-5235
ccoryell@wyattfirm.comn
jwatts@wyattfirm.com

*Counsel for Plaintiff/Appellee, the Honorable Order of Kentucky Colonels, Inc.*

# CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Appellee's Response to Motion for Affirmative Relief has been served upon the following, by U.S. mail and/or electronic mail, on this the 8th day of January, 2024:

David J. Wright
302 General Smith Drive
Richmond, KY 40475
David.wright@globcal.net

*/s/ Cornelius E. Coryell II*

*Counsel for Plaintiff/Appellee the Honorable Order of Kentucky Colonels, Inc.*

101450630.1

# EXHIBIT 1

# Orinoco River Beach

puertocarreno.com/orinoco-river-beach

Where even the sunrise each morning may be in the news!

⌄

## Orinoco River Public Beach

In April of 2023 Globcal International began the planned development of the "Orinoco River Beach" (Playa del Rio Orinoco) as a tourist attraction and a sponsored planned maintenance site. Although the development initiative has only just begun the Tourism Council is seeking a total of 4.3 million US Dollars to make improvements from the area of the Port Authority and 500 meters south over a period of 5 years. This area is viable for camping, several restaurants and a water park within the budget, nearly half of the budget addresses ecological restoration and maintenance. The area is also the source of the city's water supply which is active for six to eight hours a day to fill home and business water tanks.



## Seasonal Beach and Recreation Area

The Orinoco River Public Beach in Puerto Carreño is the most accessible of all of city's tourist attractions, except that is during the "wet season" known as winter here when the beach is submerged from around June 1st until September 15th when it begins to appear again. Each year there are a number of events (including

concerts) are held from a river barge using the beach as the theater seating area. In 2023, the Tourism Council suggested a number of improvements to the area infrastructure including bathrooms and a seasonal water park that ends in the beach area.