UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT
CASE NO. 23-5795 and 23-6108

HONORABLE ORDER OF KENTUCKY COLONELS, INC.

    Plaintiff-Appellee

v.

KENTUCKY COLONELS INTERNATIONAL; GLOBCAL INTERNATIONAL; ECOLOGY CROSSROADS COOPERATIVE FOUNDATION, INC.; UNKNOWN DEFENDANTS

    Defendants

DAVID J. WRIGHT

    Defendant-Appellant

### APPELLEE'S RESPONSE TO APPELLANT'S MOTION FOR STAY OF JUDGMENTS PENDING APPEAL [DOC. 21][1]

Plaintiff, The Honorable Order of Kentucky Colonels, Inc. ("HOKC"), by counsel, hereby tenders the following response to the Motion for Stay of Judgments Pending Appeal tendered by Defendant David J. Wright ("Wright") [Doc. 21]. An identical motion was rejected by the District Court

---

[1] The instant motion also purports to be filed in Case No. 24-5511. Appellee's Motion to Dismiss that appeal is currently pending [Doc. 5 in Case No. 24-5511]. Because the Notice of Appeal in that matter was improperly filed by Wright purportedly on behalf of corporate entities and Wright is not a licensed attorney, the Notice of Appeal was stricken by the District Court [Doc. 22].

barely a month ago.  The instant, equally frivolous, motion must be denied because Wright has not, and cannot, establish ***any*** of the elements necessary to support his request.

## BACKGROUND

On February 20, 2020, HOKC filed its Verified Complaint alleging, among other things, that Wright and his affiliates misappropriated HOKC's federally registered trademark, KENTUCKY COLONELS, and engaged in conduct constituting trade name infringement, unfair competition, false designation of origin, and cyberpiracy.  (Verified Complaint [DE 1]).  During the course of the litigation, the District Court entered a Temporary Restraining Order [DE 14] and a Preliminary Injunction [DE 58] finding, on multiple occasions, that HOKC had established (1) a likelihood of success on the merits of its claim; (2) that it would suffer irreparable harm in the absence of an injunction; (3) that any potential harm to Wright if an injunction was granted was outweighed by the potential harm to HOKC; and (4) that the public interest was best served by enjoining Wright's activities.  (8/13/20 Order [DE 58], PageID #1221-1229). On February 23, 2021, the District Court entered an Agreed Permanent Injunction prohibiting Wright and his affiliates from "using the KENTUCKY COLONELS Mark, or any mark that is confusingly similar to the KENTUCKY COLONELS Mark" in connection with the sale

of goods or services, the solicitation of charitable donations, or the formation of any membership organization or charitable fundraising endeavor. (Agreed Permanent Injunction [DE 93], PageID #2057). Wright ***knowingly agreed*** to the restrictions in the Agreed Permanent Injunction to resolve the claims made against him in HOKC's Verified Complaint.

Wright began violating the Agreed Permanent Injunction in May 2022. After conducting an extensive evidentiary hearing, the District Court found Wright in contempt of the Agreed Permanent Injunction and awarded HOKC damages resulting from Wright's violation of that order. (8/9/23 Memorandum Opinion and Order [DE 129], PageID #3714). The District Court further ordered that Wright and his affiliates were "required to abide by the Agreed Permanent Injunction Order that remains in place and are **ORDERED TO CEASE USE OF THE KENTUCKY COLONELS TRADEMARK**." *Id.* at PageID #3726 (emphasis added).

By Order dated November 13, 2023, the District Court awarded HOKC attorneys' fees and costs incurred in prosecuting the motion for contempt. The District Court found that the fee requested by HOKC ($94,254.75) was reasonable inasmuch as the case required substantial time and labor "due solely to Defendants' continual contemptuous conduct and myriad demands." (11/13/23 Order [DE 138], PageID #3843). The District Court noted that "all

attorneys' fees incurred since the entry of the [Agreed Permanent Injunction] stem from Defendants' unwillingness to comply with their own negotiated terms." (*Id*. at PageID #3844). Nevertheless, the District Court awarded only ten percent of HOKC's fees because of "Wright's financial condition." *Id*. The District Court believed that the fee award would still be "sufficient to reflect the seriousness of Wright's contemptuous conduct and ***promote deterrence***." *Id*. (emphasis added).

On January 22, 2024, Wright filed his Motion to Stay Judgments in the District Court [DE 145]. As grounds for that motion, Wright argued that (1) the purpose of the lawsuit was to suppress Wright's "protected activity;" (2) the case constituted a Strategic Lawsuit Against Public Participation; (3) the case was merely a "colorable claim;" (4) the case was "erroneously framed" by the District Court; and (5) the case "suffers from its procedural posture." (*Id*. at PageID #3892-94). By Memorandum Opinion and Order dated April 22, 2024 [DE 149], the District Court denied Wright's motion to stay, finding that he failed to establish a likelihood of success on the merits and that "[a]ny claim that [he] will be irreparably harmed by enforcement of the Agreed Order – an outcome he negotiated and consented to – is unconvincing." (*Id*. at PageID #3943).

4

Now, Wright asks this Court to stay enforcement of the judgments on the grounds that they "pose a substantial economic burden compromising [his] ability to conduct business effectively and maintain the value of intangible intellectual property assets as his creative works." (Motion [Doc. 21], 9). In addition, Wright claims that efforts to enforce the judgments are causing him "reputational harm." *Id*.[2] The District Court fully considered these same assertions in denying the identical motion to stay. There is no legal or equitable basis to stay enforcement of the District Court's orders.

## ARGUMENT

### I. WRIGHT'S MOTION TO STAY ENFORCEMENT OF THE JUDGMENTS MUST BE DENIED.

Although different rules of procedure govern the power of district courts and circuit courts to stay an order pending appeal, under both rules, the factors regulating the issuance of a stay are the same. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) (under both Fed.R.Civ.P.62 and Fed.R.App. 8(a), "the factors regulating the issuance of a stay are generally the same"). Those factors are:

---

[2] Wright also argues that the corporate entities for which he improperly filed a Notice of Appeal in Case No. 24-5511 are enduring "severe consequences" threatening "the viability of a business." *Id*. Wright's assertions regarding the alleged loss of business contracts, operational challenges, and "solvency" call into question the validity of the representations he has repeatedly made regarding his alleged pauper status.

5

    (1)    That the petitioner is likely to prevail on the merits on appeal;

    (2)    That the petitioner is likely to suffer irreparable harm if the stay is denied;

    (3)    That other parties involved will not be substantially harmed by the granting of the stay; and

    (4)    That granting the stay will serve the public interest.

*Grutter v. Bollinger*, 247 F.3d 631, 632-33 (6th Cir. 2001); *Miner v. Ogemaw County Road Commission*, 647 F. Supp.3d 582, 584 (E.D. Mich. 2022). Wright cannot establish any of these elements.

The only issues in this appeal are (1) whether the District Court erred when it found Wright in contempt of the Agreed Permanent Injunction; (2) whether the District Court erred when it ordered Wright to pay $7,500 in compensatory sanctions for failure to abide by the Agreed Permanent Injunction; and (3) whether the District Court erred when it ordered Wright to pay $9,425 in attorneys' fees and $1,052.25 in costs as a sanction for his contempt of the Agreed Permanent Injunction. The instant motion makes no effort to demonstrate how Wright is likely to prevail on those issues. That is because he will not prevail. The District Court has inherent power to enforce the Agreed Permanent Injunction. *See Peacock v. Thomas*, 516 U.S. 349, 356 (1996). It is firmly established that "the power to punish for contempt is inherent in all courts." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). HOKC provided clear and convincing evidence of Wright's contempt of the

Agreed Permanent Injunction, and that evidence is described in detail in the District Court's orders. Wright utterly fails to create any doubt as to the justification for the District Court's rulings.

Rather than focus on the issues actually on appeal, the instant motion attempts to reargue the merits of HOKC's underlying infringement claim. Those issues were resolved by settlement and dismissed with prejudice by agreed order in February 2021 (2/23/21 Agreed Order of Dismissal [DE 94], PageID #2060). The litany of complaints Wright offers regarding the temporary restraining order, preliminary injunction, court mediated settlement, and other matters occurring prior to February 23, 2021 have no relevance to the merits of the current appeal.

Moreover, the issue in a contempt proceeding is "not whether anyone infringed Plaintiff's protected marks, but whether Defendants and their agents have violated the permanent injunction." *Innovation Ventures, LLC v. N2G Distributing, Inc.*, 763 F.3d 524, 546 (6th Cir. 2014). When considering a contempt motion, the court does not look beyond the terms of the permanent injunction itself. *Wella Corp. v. Wella Graphics, Inc.*, 37 F.3d 46, 48 (2nd

Cir. 1994). Thus, Wright's attempt to reargue the merits of the underlying infringement action is misplaced and completely unavailing.[3]

Likewise, Wright cannot establish that he will suffer irreparable injury if the stay is denied. While he claims that he and the corporate entities that he controls have been damaged by the District Court's orders, that damage is completely self-inflicted. As the District Court noted, the contempt order and sanctions were entirely the result of Wright's unwillingness to comply with his own negotiated terms. (11/13/23 Order [DE 138], PageID #3814). He knowingly agreed to the restrictions in the Agreed Permanent Injunction to resolve the claims made against him, and then violated the terms to which he agreed. A stay would only permit Wright to avoid the consequences of his own misconduct.[4]

---

[3] Even if Wright's attempted justifications for his misappropriation of the KENTUCKY COLONELS Mark were at issue on appeal, his excuses have been repeatedly rejected. (*See* 8/9/23 Memorandum Opinion and Order [DE 129], PageID #3720-21). While the instant motion promises "new factual judicially noteworthy evidence," Wright fails to identify what that evidence is or provide credible proof that such evidence actually exists. In fact, the instant motion offers only hysterical allegations and vitriolic rhetoric in support of his assertion that the District Court's well reasoned and factually supported contempt finding will be reversed.

[4] Wright also appears to seek a stay of enforcement of the Agreed Permanent Injunction. Wright has the gall to make this request even though, to this day, he brazenly continues to violate the Agreed Permanent Injunction. (*See* Response and Objection to Defendant's Motion for Unbonded Stay of
(continued…)

In addition, it is clear that other parties *will* certainly be harmed by granting of a stay. HOKC has been fighting Wright's efforts to misappropriate its protected mark for more than four years. A settlement of HOKC's claims against Wright was reached in February 2021. That settlement was negotiated by Wright, approved by Wright, and signed by Wright. The Agreed Permanent Injunction Order was the cornerstone of that settlement. Barely more than a year after the agreement was reached, Wright began yet another crusade to personally profit by misappropriating the KENTUCKY COLONELS Mark. Granting Wright's motion to stay would sanction Wright's conscious, intentional, and brazen disregard of the terms of the settlement, effectively giving him permission to ignore the Agreed Permanent Injunction and the District Court's specific order that he stop using the KENTUCKY COLONEL Mark. Such action would certainly cause harm to HOKC.

Finally, the public interest will clearly be harmed if this Court stays enforcement of the judgments, thereby approving Wright's continued

---

Enforcement of Judgments [DE 146], PageID #3902, footnote 2; Supplemental Response and Objection to Defendant's Motion for Unbonded Stay of Enforcement of Judgments [DE 148], PageID #3827-3828). Not only have the District Court's efforts to "promote deterrence" failed, but Wright demands this Court endorse his continued contemptuous conduct by effectively nullifying the District Court's rulings.

violation of the Agreed Permanent Injunction. Litigants cannot simply ignore court orders, especially when they expressly agreed to be bound by that order. Wright is attempting to mislead the public by soliciting charitable contributions, marketing products, offering services, and establishing competing organizations using the KENTUCKY COLONELS Mark. Allowing such deception to continue would clearly be harmful to the public interest.

## CONCLUSION

Wright cannot establish that he is entitled to a stay of enforcement of the Agreed Permanent Injunction or the orders awarding HOKC damages and attorneys' fees. His motion to stay must be denied.

Respectfully submitted,

*/s/ Cornelius E. Coryell II*
Cornelius E. Coryell II
Julie Laemmle Watts
WYATT, TARRANT & COMBS, LLP
400 West Market Street, Suite 2000
Louisville, Kentucky 40202
(502) 589-5235
ccoryell@wyattfirm.com
jwatts@wyattfirm.com

*Counsel for Plaintiff/Appellee, the Honorable Order of Kentucky Colonels, Inc.*

## **CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the foregoing Appellee's Response to Motion for Stay of Judgments Pending Appeal has been served upon the following, by U.S. mail and/or electronic mail, on this the 12th day of June, 2024:

David J. Wright
302 General Smith Drive
Richmond, KY 40475
David.wright@globcal.net

                                           */s/ Cornelius E. Coryell II*

                                           *Counsel for Plaintiff/Appellee the*
                                           *Honorable Order of Kentucky*
                                           *Colonels, Inc.*

101638477.1